UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNOCO COFFEE, LLC and MID-AMERICA ROASTERIE, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:15-cv-1449 |
| v. | ) ) | |
| WESTFELDT BROTHERS, INC., Serve at: 528 Gravier Street New Orleans, LA 70130 | ) ) ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs Ronnoco Coffee, LLC and Mid-America Roasterie, LLC, by their attorneys Dowd Bennett LLP, for their Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 against Defendant Westfeldt Brothers, Inc., say:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Ronnoco Coffee, LLC ("Ronnoco") is a Delaware limited liability company whose principal place of business is in the Eastern District of Missouri. Ronnoco's sole member is a Delaware corporation whose principal place of business is in either the State of Delaware or Michigan.

2. Plaintiff Mid-America Roasterie, LLC, f/k/a Ronnoco Roasterie, LLC ("Mid-America"), is a Delaware limited liability company whose principal place of business is in Iowa. Mid-America's sole member is a Delaware corporation whose principal place of business is in either the State of Delaware or Michigan.

3.  Defendant Westfeldt Brothers, Inc. ("Westfeldt") is a Louisiana corporation with its principal place of business is in New Orleans, Louisiana.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.  The Court has jurisdiction over Westfeldt pursuant to the Missouri long-arm statute, Mo.Rev.Stat § 506.500.1, in that Westfeldt has transacted business within Missouri by purposefully reaching into and directing its activities toward Ronnoco, a business operating in the State of Missouri, including by visiting Ronnoco and making business proposals to Ronnoco in Missouri, and the substance of the instant dispute arises out of or relates to those activities.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7.  Great Western Bank, a nonparty to this litigation, previously made loans to U.S. Roasterie, also a nonparty to this litigation, secured by substantially all of U.S. Roasterie's personal property. Great Western Bank had filed financing statements with the Iowa Secretary of State evidencing its security interest in the collateral for the loans.

8.  One of the loans to U.S. Roasterie went into default, and Great Western Bank thereafter accelerated the due date for payments under two other loans pursuant to cross-default provisions.

9.  Pursuant to Iowa's Uniform Commercial Code, Great Western Bank foreclosed its security interest and in early 2015 sold some of the collateral to Mid-America pursuant to the private sale provisions of the Iowa UCC. The private sale was documented in a written Sale Agreement dated February 9, 2015 (the "Sale Agreement"). A copy of the Sale Agreement is

Exhibit A to Westfeldt's Demand for Arbitration ("Demand"). A copy of the Demand is attached hereto as Exhibit 1. Therefore, the assets were acquired by Mid-America from Great Western Bank, a secured creditor of U.S. Roasterie, and not from U.S. Roasterie.

10. Ronnoco was not a party to the Sale Agreement.

11. The assets purchased pursuant to the Sale Agreement are specified in the Sale Agreement and do not include any contracts with Westfeldt.

12. Moreover, the Sale Agreement expressly provides that Mid-America "is not assuming and will have no obligation to assume, perform, or discharge any liabilities, obligations or commitments of any nature whatsoever, asserted or unasserted, known or unknown, absolute or contingent, accrued or unaccrued, matured or unmatured or otherwise, of [U.S. Roasterie] … all of which will remain the sole responsibility and obligation of [U.S. Roasterie]."

13. In July 2015, Westfeldt filed a Complaint against Ronnoco and Mid-America in the United States District for the Eastern District of Louisiana. The Complaint alleged, without any basis and contrary to the plain language of the Sale Agreement, that "Ronnoco/Mid-America assumed the futures contracts (attached as Ex. D) by virtue of the February 9, 2015 Sale Agreement (attached as Ex. C)." (parentheses in original).

14. After Ronnoco and Mid-America informed Westfeldt that they would file a motion to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted given the terms of the Sale Agreement attached to the Complaint, Westfeldt dismissed Ronnoco and Mid-America from the Louisiana lawsuit without prejudice.

15. Westfeldt has now filed with the Green Coffee Association a Demand for Arbitration against Ronnoco and Mid-America, again asserting that Ronnoco and Mid-America assumed the U.S. Roasterie contracts. See Exhibit 1. As noted above, a copy of the Sale

3

Agreement is Exhibit A to the Demand.  Exhibit F to the Demand provides that Westfeldt seeks to recover in excess of $225,000.

16.    The Demand alleges that Exhibit B to the Demand includes the contracts that U.S. Roasterie allegedly entered into with Westfeldt.  While all of the contracts are written to be executed by both U.S. Roasterie and Westfeldt, none of them are signed by either U.S. Roasterie or Westfeldt.

17.    The Demand alleges that Exhibit C to the Demand contains the U.S. Roasterie contracts "as assumed by Ronnoco/Mid-America."  The documents in Exhibit C to the Demand were prepared by Westfeldt.  On their face, those proposed contracts require the signature of Mid-America.  Neither Mid-America nor Ronnoco executed any of those proposed contracts.  Neither Mid-America nor Ronnoco otherwise assumed any of the proposed contracts attached to the Demand.

18.    Westfeldt's proposed contracts state that the terms and conditions of the standard contract of the Green Coffee Association are incorporated into the contract.  Those terms and conditions apparently include an agreement to arbitrate disputes under the contract in accordance with the Rules of Arbitration of the Green Coffee Association to be conducted in the State of New York.  See Exhibit 2 attached hereto, a copy of the Green Coffee Association Rules of Arbitration, at p. 3.  Westfeldt is a member of the Green Coffee Association; neither Ronnoco nor Mid-America is a member of that association.

19.    Because neither Ronnoco nor Mid-Western is a signatory to or otherwise assumed any of the proposed contracts attached to Westfeldt's Demand, neither Ronnoco nor Mid-America has agreed to arbitrate any issue relating to or arising from these contracts.

4

20. Article V, Paragraph 7 of the Rules of Arbitration of the Green Coffee Association provides that "[i]n cases where no sufficient written evidence of an agreement can be produced, the Association recognizes that one party can bring an action against the other in a court of appropriate jurisdiction to determine whether or not an agreement existed including a provision to arbitrate as a term of the agreement.  In such cases, arbitration will proceed if the court so directs."  <u>See</u> Exhibit 1 at p. 9.  There is no other agreement between the Plaintiffs and Defendant stating that the question of whether the parties agreed to arbitrate would be submitted to an arbitrator.

## **COUNT I – REQUEST FOR DECLARATORY JUDGMENT**

21. Plaintiffs herein incorporate by reference the allegations contained in paragraphs 1 through 21.

22. Westfeldt claims there is an agreement to arbitrate between it and Plaintiffs, and has filed a Demand that remains outstanding.

23. Plaintiffs maintain there is no agreement to arbitrate between Plaintiffs and Westfeldt.

24. By virtue of the foregoing, there is an existing, actual, and substantial controversy between the parties within the jurisdiction of this Court having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court may declare the rights and other legal relations of these parties.

26. As set forth herein, there is no agreement to arbitrate disputes between Plaintiffs and Defendant and the Demand is invalid.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment declaring that there is no agreement to arbitrate disputes between Plaintiffs and Defendant and the Demand is invalid, awarding Plaintiffs their costs and attorney fees, and granting Plaintiffs such further relief as the Court deems just and appropriate.

Dated: September 22, 2015

Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/ John D. Comerford

John D. Comerford, 60164MO
jcomerford@dowdbennett.com
Michael J. Kuhn, 58936MO
mkuhn@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri  63105
(314) 889-7300 – Telephone
(314) 863-2111 – Facsimile

*Attorneys for Plaintiffs Ronnoco Coffee, LLC and Mid-America Roasterie, LLC*

19057759.2